**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN 296829)
mona@kazlg.com
Veronica Cruz, Esq. (SBN 318648)
veronica@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff,*
Doris Chaney

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DORIS CHANEY, individually and on behalf of all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**ABSORB HEALTH LLC,**<br><br>**Defendant.** | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1) **CAL. CIV. CODE §§ 1750, *ET SEQ.*;**<br>2) **CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*;**<br>3) **CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*; AND**<br>4) **NEGLIGENT MISREPRESENTATION**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. This is a California statewide Class Action Complaint brought by Plaintiff DORIS CHANEY ("Plaintiff"), individually and on behalf of all others similarly situated, to challenge the deceptive actions of Defendant ABSORB HEALTH LLC ("Defendant") with regards to Defendant's false promotion and illegal sale of "Aniracetam," (hereinafter the "Product").

2. The Product is advertised by Defendant as a dietary "supplement" capable of "improv[ing] memory and learning" "decrease anxiety and depression", and to be "neuroprotective against injuries", among other claims.

3. However, the Product contains "racetams" which may not lawfully be sold for human consumption in the United States.

4. The statewide advertising, promotion, marketing, packaging, and selling of the Product constitutes violations of the following: (a) California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.* (b) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*; (c) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*; (d) and negligent misrepresentation. Defendant's deceptive conduct caused Plaintiff and those similarly situated damages and requires restitution and injunctive relief to remedy and/or prevent further damages.

5. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

6. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the matter in controversy in this matter exceeds the sum or value of $5,000,000 as to all putative Class members, exclusive of attorneys' fees and costs. 28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

2. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff is a resident and citizen of the State of California while Defendant is a corporation incorporated under the laws of the State of Wyoming.

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of Los Angeles, State of California. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

    (b) does substantial business within this district;

    (c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

    (d) the harm to Plaintiff occurred within this district.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**PARTIES**

7. Plaintiff is, and at all times relevant, was a natural person residing in the State of California, County of Los Angeles.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is a limited liability corporation existing and operating under the laws of Wyoming, with its principal place of business in Cheyenne, Wyoming.

9. Defendant has and continues to manufacture, distribute, advertise, and/or sell the Product through its online website[1] within the State of California, in the County of Los Angeles, and within this judicial district.

**NATURE OF THE CASE**

10. At all times relevant, Defendant has made and continues to make affirmative misrepresentations and/or omissions regarding its Product. Specifically, Defendant packages, advertises, markets, and sells its Product as a dietary "supplement", when in fact, the Product contain the synthetic ingredient, "aniracetam", which is excluded from the definition of a dietary supplement and banned for commercial sale as a dietary supplement for human consumption in the United States.

11. Defendant unlawfully represents that the Product is a "supplement", when Defendant knows, or should know, that the Product contains aniracetam, which is excluded from the definition of a "dietary supplement" under the Federal Food, Drug, and Cosmetic Act (the "FD&C Act"), section 201(ff)(1), 21 U.S.C. § 321(ff)(1).

12. To be a dietary supplement, a product must, among other things, "bear[] or contain[] one or more . . . dietary ingredients," which are defined as a vitamin, mineral, amino acid, herb, or other botanical, or dietary substance for use by man to supplement the diet by increasing the total dietary intake; or a

---

[1] https://www.absorbyourhealth.com

CLASS ACTION COMPLAINT

concentrate, metabolite, constituent, extract, or combination of any dietary ingredient from the preceding categories. *See* 21 U.S.C. § 321(ff)(1).

13. Aniracetam is not a vitamin, mineral, amino acid, herb, or other botanical, or dietary substance for use by man to supplement the diet by increasing dietary intake; nor is Aniracetam a concentrate, metabolite, constituent, extract, or combination of any such dietary ingredient.

14. Further, the claims on Defendant's Product label, website, and literature make clear that the Product is intended to affect the structure or some function of the human body (i.e., to improve "cognition", and "memory"). Accordingly, the Product is a "drug" as that term is defined under section 201(g)(1)(C) of the FD&C Act, 21 U.S.C. § 321(g)(1)(C). Moreover, the Product is a *new* drug as defined by section 201(p) of the FD&C Act, 21 U.S.C. § 321(p), because it is not generally recognized as safe and effective for use under the conditions prescribed, recommended, or suggested in Defendant's labeling.

15. A new drug may not be introduced, or delivered for introduction, into interstate commerce unless a Federal Drug Administration ("FDA") approved application is in effect for it pursuant to section 301(d) and 505(a) of the FD&C Act, 21 U.S.C. § 331(d) and 355(a). There are no such approved applications for Defendant's Product. Thus, Defendant has acted in violation of the FD&C Act by introducing the Product into interstate commerce.

16. Defendant also makes several unsubstantiated "disease" claims, that is, a claim to diagnose, cure, mitigate, treat, or prevent disease. Specifically, Defendant represents that the Product "is fat soluble so it easily crosses the blood-brain barrier," and that "[i]t has been shown to.. decrease anxiety and depression." For this reason, the Product is considered a "new drug" as defined under 201(p) of the FD&C Act, as it is not generally recognized as safe and effective for use under the conditions prescribed, recommended, or suggested on Defendant's labeling of the Product and website.

17. Further, Defendant has expressly represented that its Product is capable of providing "powerful cognitive" benefits; yet, upon information and belief, Defendant has not conducted any studies that meet the standards of a clinical trial.

18. Defendant's unlawfully labeled Product is sold on Defendant's website, where Plaintiff purchased the Product.

19. As a consequence of Defendant's unfair and deceptive practices, Plaintiff and other consumers similarly situated purchased Defendant's Product under the false impression that by consuming the Product, such consumption would lead to cognitive improvement. Further, had Plaintiff and other consumers similarly situated been made aware that Aniracetam is not approved for sale as a dietary supplement by the FDA, or that Defendant's claims regarding the Product's effect on cognitive functions were not substantiated, they would not have purchased the Product, would have paid less for it, or would have purchased a different nutritional supplement altogether.

20. Each consumer, including Plaintiff, was exposed to virtually the same material misrepresentations and/or omissions, which are prominently stated on Defendant's website and in its literature.

21. As a result of Defendant's false and misleading statements, failures to disclose, and other conduct described herein, Plaintiff and other consumers similarly situated purchased thousands, if not hundreds of thousands of units of the Product and have suffered and continue to suffer injury in fact.

22. Defendant's conduct as alleged herein violates several California laws, as alleged more fully herein.

23. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally retained by Defendant, and disgorgement of all ill-gotten profits from Defendant's wrongdoings as alleged herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## FACTUAL ALLEGATIONS

24. Based upon information and belief, the Product contains the nootropic ingredient, Aniracetam.

25. Based upon information and belief, Aniracetam is banned for commercial sale as a dietary supplement for human consumption in the United States.

26. Defendant marketed and continues to market and represent to the general public through its website and literature that the Product has the ability to "improve memory and learning", "decrease anxiety and depression", and to be "neuroprotective against injuries."

27. Based upon information and belief, and contrary to those representations, Defendant's claims regarding enhanced cognitive function are widely unsubstantiated.

28. As such, Defendant concealed the material facts at issue in this matter by misrepresenting to the general public the benefits and characteristics of the offending Product.

29. Defendant possessed superior knowledge of the true facts, which it did not disclose, thereby tolling the running of any applicable statute of limitations.

30. Consumers are particularly vulnerable to these deceptive and fraudulent practices. Most consumers possess limited knowledge as to whether a product is legally being offered for human consumption. However, this is a material factor in many consumers' purchasing decisions, as most consumers presume they are purchasing goods safe for consumption that have been vetted and approved by the FDA.

31. Due to Defendant's scheme to defraud the market, members of the general public were fraudulently induced into purchasing Defendant's Product at inflated prices.

32. Based upon information and belief, Defendant charged excess monies for its Product in comparison to Defendant's competitors during the entirety of the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

relevant four-year statutory time period, based on the false designations alleged herein.

33. California laws are designed to protect consumers from such false representations and predatory conduct. Defendant's scheme to defraud consumers for its own self-interest and monetary gain is ongoing and consumers will continue to be victimized daily for the foreseeable future unless and until there is judicial intervention.

34. On March 1, 2018, Plaintiff purchased Defendant's Product from Defendant's website for a total of $30.98, using her credit card.

35. Plaintiff purchased Defendant's Product for the purpose of dietary consumption.

36. At the time of purchase, the Product was depicted on the label as a dietary "supplement".

37. At the time of purchase, the Supplement Facts panel listed Aniracetam as the main ingredient.

38. The Product label and packaging, as shown on the bottle purchased by Plaintiff, is represented below:




7

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

39. Currently, and at the time of Plaintiff's purchase, the ingredient Aniracetam has not been approved for commercial sale as a dietary supplement safe for human consumption in the United States. Thus, Defendant may not lawfully sell its Product as a dietary supplement in the United States.

40. At the time of Plaintiff's purchase, Defendant advertised and promoted its product as providing a "powerful cognitive enhancer" and as having the ability to "boost [] memory."

41. However, there is a lack of clinical trials to substantiate Defendant's cognitive benefits claims. As such, Defendant may not lawfully make such a representation.

42. In making the decision to purchase Defendant's Product, Plaintiff relied upon the advertising and/or other promotional materials prepared and approved by Defendant and its agents, and disseminated on Defendant's website, which contained the misrepresentations alleged herein.

43. Had Plaintiff been made aware that the Product contained ingredients not approved for commercial sale as a dietary supplement in the United States, or that Defendant's claims regarding the Product's cognitive benefits had not been substantiated, Plaintiff would not have purchased Defendant's Product. In other words, Plaintiff would not have purchased Defendant's Product but for the representations made by Defendant as alleged herein.

44. Plaintiff suffered an "injury in fact" because Defendant received Plaintiff's money based on Defendant's depiction and promotion of the Product as a dietary supplement safe for human consumption, as well as Defendant's unsubstantiated cognitive benefits claim.

45. When Plaintiff and each of the putative Class members purchased Defendant's Product, they relied upon Defendant's representations in their purchasing decision, which is typical of most U.S. consumers. Consequently, they were deceived as a result of Defendant's actions. Plaintiff and the putative Class

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

members believed at the time they purchased Defendant's Product that they were purchasing a product comprised of safe ingredients with substantiated cognitive benefits.

46. On information and belief, Defendant's Product is not worth the purchase price paid by Plaintiff and the putative Class members. The precise amount of damages will be proven at the time of trial, in large part, by expert testimony.

47. Plaintiff and the putative Class members were injured as a result of Defendant's false representations at issue in this matter.

## CLASS ACTION ALLEGATIONS

48. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Plaintiff represents and is a member of the putative class (the "Class"), consisting of:

> All persons within the State of California who purchased "Aniracetam", or substantially similar products, from Defendant within the four years prior to the filing of this Complaint.

50. Excluded from the Class is Defendant and any of its officers, directors, and employees, and the judge to which this case is assigned and the judge's staff. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

51. The "Class Period" means four years prior to the filing of the Complaint in this action.

52. **<u>Ascertainability</u>**. Plaintiff does not know the number of members in the Class, but Plaintiff currently believes that there are several thousand members of the Class within the State of California. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

53. Upon information and belief, Defendant and Defendant's distributors keep detailed and accurate records of distribution in order to accurately and effectively execute a recall if so ordered by the FDA, Consumer Product Safety Commission, or any other organization. Thus, the members of the Class are ascertainable through Defendant's records and/or Defendant's agents' records regarding online sales, as well as through public notice. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

54. **Numerosity**. The members of the Class are so numerous and geographically disbursed throughout the state of California that joinder of all Class members is impractical, and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.

55. **Existence and Predominance of Common Questions of Law and Fact**. There is a well-defined community of interest in the questions of law and fact involved and affecting the parties to be represented. Common questions of law and fact exist in this matter, which predominate over questions that may affect individual Class members, including but not limited to the following:

    a. whether Defendant committed the wrongful conduct alleged herein;

    b. whether the Product may lawfully be sold as a dietary "supplement";

    c. whether the Product is approved for human consumption;

    d. whether the Product is capable of providing cognitive benefits such as enhancing cognition, focus, motivation, verbal fluency, memory, energy, vitality, concentration, and mood, as well as supporting long term brain health and neuroprotection;

    e. whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class;

    f. whether the members of the Class sustained and/or continue to sustain damages attributable to Defendant's conduct, and, if so, the proper

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

measure and appropriate formula to be applied in determining such damages; and

g. whether the members of the Class are entitled to injunctive and/or any other equitable relief.

56. **Typicality**. As a person who purchased one of the Class Products, which was advertised as a dietary "supplement" that will enhance cognition and memory, Plaintiff is asserting claims that are typical of the Class. Plaintiff's claims involve the same violations of law by Defendant as other Class members' claims. Plaintiff and members of the Class also sustained damages arising out of the common course of conduct complained of herein. Accordingly, typicality is satisfied.

57. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Further, Plaintiff has retained counsel experienced in handling class action claims, claims involving violations of the consumer laws, and specifically violations of the California Business and Professions Code.

58. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex

and extensive litigation necessitated by Defendant's conduct. Therefore, a class action is superior.

59. Plaintiff anticipates providing notice to the Class Members by direct mail notice, publication and other reasonable means.

60. Unless the Class is certified, Defendant will retain monies received as a result of the unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to advertise, market, promote, and sell the Class Product in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

61. Defendant has acted or refused to act on grounds that are generally applicable to the Class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate.

<u>CAUSES OF ACTION</u>
FIRST CAUSE OF ACTION
VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
CAL. CIV. CODE §§ 1750, *ET SEQ.*

62. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§1750 *et seq.* provides protection for California consumers against unfair, deceptive and unlawful practices, and unconscionable commercial practices in connection with the sale of any goods or services.

64. The foregoing acts and omission of Defendant constitute numerous violations of the CLRA.

65. Pursuant to §1782 of the CLRA, Plaintiff notified Defendant in writing of the particular violations of § 1770 of the CLRA and demanded Defendant rectify the actions described above by providing complete monetary relief. Plaintiff

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

sent this notice by certified mail, return receipt requested to Defendant's principal place of business and registered agent on or about April 12, 2018.

66. Defendant failed to adequately respond to Plaintiff's demand within 30 days of the letter pursuant to §1782 of the CLRA.

67. As a result of Defendant's deceptive conduct, Plaintiff and the Class is entitled to and seeks recovery of actual damages, but in no case shall the total award of damages in a class action be less than one thousand dollars ($1,000), pursuant to § 1780(a)(1) of the CLRA.

68. Plaintiff is entitled to and will seek an order enjoining the Defendant's deceptive methods, acts, or practices, pursuant to §1780(a)(2) of the CLRA.

69. Plaintiff is also entitled to and does seek recovery or attorneys' fees and costs incurred in pursuing this action, pursuant to § 1780(e) of the CLRA.

70. Plaintiff is also entitled to and will seek punitive damages as the conduct of Defendant was and continues to be reprehensible, fraudulent, malicious, oppressive, and done with reckless disregard of Plaintiff's rights.

## SECOND CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

71. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Plaintiff brings this claim individually and on behalf of all others similarly situated for Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*

73. Under the FAL, the State of California makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state . . . in any advertising device . . . or in any other manner or means whatever, including over the Internet, any statement, concerning . . . personal property or services, professional or otherwise, or performance or disposition

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

74. Defendant engaged in a scheme of offering misbranded products for sale to the Plaintiff and putative Class Members by way of advertising the Product as a dietary "supplement" that will enhance cognition and memory.

75. Such practice misrepresented the nature and capabilities of the Product. Defendant's advertisements were made in California and come within the definition of advertising as contained in Bus. & Prof Code §§ 17500, *et seq.* in that the product branding and advertising was intended to induce consumers to purchase the Products. Defendant knew or should have known its conduct was unauthorized, inaccurate, and/or misleading.

76. Defendant violated § 17500 by misleading Plaintiff and the putative Class into believing that its Product had been approved for human consumption and was capable of providing specific cognitive benefits.

77. Defendant's misleading and false claims, as described above, were and continue to be used by Defendant in its advertising to suggest that the Product is capable of providing such cognitive benefits, yet such claims have not been substantiated. As a result, purchasers were likely misled and deceived by Defendant's website and literature.

78. Defendant knew or should have known through the exercise of reasonable care that the Product was and continues to be misbranded, and that its representations about the nature and effectiveness of its Product was and is false and/or misleading.

79. Plaintiff and the putative Class members lost money or property as a result of Defendant's FAL violations because (a) they would not have purchased the Product on the same terms absent Defendant's illegal conduct as set forth herein, or if the true facts were known concerning Defendant's representations; (b) they paid a price premium for the Product due to Defendant's

misrepresentations; and (c) the Product did not provide the benefits as promised. As a result, the class is entitled to monetary and injunctive relief.

### THIRD CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ*.

80. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. Plaintiff is a "person" as defined under Cal. Bus. & Prof. Code § 17201.

82. Defendant is a "person" as defined under Cal. Bus. & Prof. Code § 17201.

83. Plaintiff has a private right of action on both an individual and representative basis under Cal. Bus. & Prof. Code § 17204.

84. "Unfair competition" is defined under Section 17200 as encompassing several types of "wrongs," including: (1) an "unlawful" business act or practice; (2) an "unfair" business act or practice; (3) a "fraudulent" business act or practice; and (4) "unfair, deceptive, untrue or misleading advertising." These definitions have been drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

85. As alleged herein, Defendant has engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising as prohibited by Bus. & Prof. Code § 17200, *et seq*.

### A. "Unlawful" Prong

86. Beginning at a date currently unknown and continuing through the time of the filing of this Complaint, Defendant engaged in a pattern of "unlawful" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq*., by marketing and selling the Product as a dietary "supplement" when it contains ingredients expressly excluded from the definition of a dietary supplement, in violation of the FD&C Act.

CLASS ACTION COMPLAINT

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

87. Additionally, Defendant made numerous misleading and unsubstantiated claims regarding the effectiveness of the Product. These claims include the representation that the Product has the ability to "improve memory and learning", "decrease anxiety and depression", and to be "neuroprotective against injuries."

88. Lastly, Defendant made several unsubstantiated "disease" claims, that is, a claim to diagnose, cure, mitigate, treat, or prevent disease. Specifically, Defendant represents that the Product "is fat soluble so it easily crosses the blood-brain barrier," and that "[i]t has been shown to…decrease anxiety and depression." For this reason, the Product is considered a "new drug" as defined under 201(p) FD&C Ac, as it is not generally recognized as safe and effective for use under the conditions prescribed, recommended, or suggested on Absorb Health's labeling of the Product.

## B. "Unfair" Prong

89. Beginning at a date currently unknown and continuing through the time of the filing of this Complaint, Defendant engaged in a pattern of "unfair" business practices within the meaning of Bus. & Prof. Code § 17200, by marketing and selling the Product to the public when it contained the ingredient, aniracetam, which is banned for commercial sale as a dietary supplement for human consumption in the United States. Such conduct placed Defendant's competitors who did not engage in such unlawful behavior at an unfair disadvantage in the marketplace.

90. Furthermore, it was unfair for Defendant to advertise its Product as a dietary "supplement" when the Product is excluded from the definition of a dietary supplement.

91. Furthermore, it was unfair for Defendant to represent that its Product is capable of providing cognitive benefits, as alleged herein, when such claims are unsubstantiated.

CLASS ACTION COMPLAINT

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

92. This alleged misconduct by Defendant is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers in that consumers are led to believe that Defendant's Product has qualities and benefits which it does not actually have.

## C. "Fraudulent" Prong

93. Beginning at a date currently unknown and continuing through the time of the filing of this Complaint, Defendant engaged in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code § 17200, by intentionally labeling, advertising, and selling its Product as a "dietary supplement" that will enhance consumers' cognition and memory, when the Product is explicitly excluded from the definition of a dietary supplement and Defendant's cognitive benefits claims are unsubstantiated, as alleged herein.

94. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

## D. "Unfair, Deceptive, Untrue or Misleading Advertising" Prong

95. Defendant's advertising is unfair, deceptive, untrue and/or misleading within the meaning of Bus. & Prof. Code § 17200, in that consumers are led to believe that Defendant's Product is approved for human consumption as a dietary supplement, when, in fact, aniracetam cannot be lawfully sold for human consumption in the United States.

96. Plaintiff and other such reasonable consumers are likely to be, and were in fact, deceived and misled by Defendant's advertising. Plaintiff and the putative Class members would not have purchased the Product but for these misrepresentations by Defendant.

97. Defendant engaged in these unlawful, unfair, and fraudulent business practices, which were motivated solely by Defendant's self-interest with the primary

purpose of collecting money from Plaintiff and others similarly situated, thereby unjustly enriching Defendant.

98. Plaintiff and the putative Class have suffered an "injury in fact" because they unwittingly paid money to Defendant as a result of Defendant's fraudulent representations, as alleged herein.

99. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct, as described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from Plaintiff and the putative Class members.

100. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

101. Defendant has engaged in unlawful, unfair, and fraudulent business acts or practices entitling Plaintiff and putative Class members to a judgment and equitable relief against Defendant, as prayed for herein. As a result of each and every violation of the UCL, Plaintiff is entitled to restitution and injunctive relief against Defendant pursuant to Bus. & Prof. Code § 17203.

102. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### FOURTH CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION

103. Plaintiff repeats, re-alleges, and incorporates by reference the above allegations, as if fully stated herein.

104. Defendant has and continues to represent to the public, including Plaintiff and the putative Class that Defendant's Product is a dietary supplement which is safe and legal for human consumption, and that such Product will enhance cognition and neuroprotection. As explained herein, the nootropic ingredient, aniracetam, which is the only ingredient contained in the Product, may not

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

lawfully be sold as a dietary supplement for human consumption in the United States, and Defendant's cognitive benefits claims are unsubstantiated.

105. Defendant made, and continues to make, these representations with the intent to induce the public, including Plaintiff and the putative Class members, to purchase Defendant's Product.

106. At all times relevant, Defendant made these representations when Defendant knew or should have known that such representations were false, and Defendant had no reasonable basis to believe the representations were true.

107. Plaintiff and other similarly situated consumers in California, saw, believed, and reasonably relied upon Defendant's representations, and purchased Defendant's Product as a result.

108. As a proximate result of Defendant's negligent misrepresentation, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Product.

109. Based on the foregoing, Plaintiff and the putative Class members are entitled to damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- that this action be certified as a Class Action;
- that Plaintiff be appointed as the Class Representative;
- that Plaintiff's attorneys be appointed as Class Counsel;
- that Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein; and
- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws.

//

//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT
### CAL. CIV. CODE §§ 1750, *ET SEQ.*

- An award of actual damages, but in no case shall the total award of damages in a class action be less than one thousand dollars ($1,000), pursuant to § 1780(a)(1);

- An order enjoining the methods, acts, or practices of Defendant, pursuant to § 1780(a)(1);

- Restitution of property, pursuant to § 1780(a)(3);

- An award of punitive damages, pursuant to § 1780(a)(4);

- An award of court costs and attorneys' fees, pursuant to pursuant to § 1780(e); and

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW
### CAL. BUS. & PROF. CODE §§ 17500, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17203;

- An award of reasonable attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and

- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF THE CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535;

- An award of reasonable attorneys' fees and costs pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5; and

- Any other relief the Court may deem just and proper.

### THIRD CAUSE OF ACTION FOR
### NEGLIGENT MISREPRESENTATION

- A judgment against Defendant for general and compensatory damages in an amount to be proven at trial;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- An award of prejudgment interest in an amount to be determined at trial; and

- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

110. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

Dated: September 18, 2018             Respectfully submitted,

                                      **KAZEROUNI LAW GROUP, APC**


                                By:   _s/ Abbas Kazerounian_
                                      ABBAS KAZEROUNIAN, ESQ.
                                      MONA AMINI, ESQ.
                                      VERONICA CRUZ, ESQ.
                                      *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT